1   Michael D. Adams (State Bar No. 185835)
    madams@rutan.com
2   Lucas K. Hori (State Bar No. 294373)
    lhori@rutan.com
3   Talya Goldfinger (State Bar No. 294926)
    tgoldfinger@rutan.com
4   RUTAN & TUCKER, LLP
    18575 Jamboree Road, 9th Floor
5   Irvine, CA  92612
    Telephone:  714-641-5100
6   Facsimile:  714-546-9035

7   Attorneys for Petitioner SAMSUNG
    ELECTRONICS CO., LTD.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  SAMSUNG ELECTRONICS CO.,          Case No.
    LTD.,
13                                    **PETITION TO CONFIRM FOREIGN**
                Petitioner,           **ARBITRATION AWARD**
14
         vs.                          [Exhibits 1 and 2 Filed Conditionally
15                                    Under Seal and/or Redacted Per
    TRILLER CORP., f/k/a TRILLER INC.,  Application to File Under Seal]
16  TRILLER REORG MERGER SUB
    LLC, and TRILLER HOLD CO., LLC,
17
                Respondent.
18

19

20
    _____

21

22          Petitioner Samsung Electronics Co., Ltd., pursuant to the Federal Arbitration

23  Act, 9 U.S.C. §§ 1, *et seq.* (the "FAA"), hereby petitions this Court to confirm the

24  Final Award entered by the International Chamber of Commerce ("ICC") Court of

25  Arbitration on July 1, 2023, in the arbitration captioned *Samsung Electronics Co.,*

26  *Ltd., v. Triller, Inc.*, ICC Case No. 27112/XZG (filed July 1, 2022) (the "ICC

27  Arbitration").

28

## THE PARTIES

1.      Petitioner Samsung Electronics Co., Ltd. ("Samsung") is, and was at all times relevant to this action, a company incorporated in the Republic of Korea with its principal place of business at 129 Samsung-ro, Yeongtong-gu Suwon-si, Gyeonggi-do, 16677, Republic of Korea.

2.      Respondent Triller Corp. f/k/a Triller, Inc. ("Triller Corp.") is, and was at all times relevant to this action, a Delaware corporation with its principal place of business in this District at 2121 Avenue of the Stars, Suite 2350, Los Angeles, California 90067.  Triller creates a mobile application allowing users to create and share videos (the "Triller App").

3.      Triller Reorg Merger Sub LLC ("Triller Reorg") is, and was at all times relevant to this action, a Delaware limited liability company with its principal place of business in this District at 2121 Avenue of the Stars, Suite 2350, Los Angeles, California 90067.  Samsung is informed and believes that Triller Reorg is a wholly owned subsidiary of Triller Corp.

4.      Triller Hold Co LLC ("Triller Hold," together with Triller Corp. and Triller Reorg, "Triller") is, and was at all times relevant to this action, a Delaware limited liability company with its principal place of business in this District at 2121 Avenue of the Stars, Suite 2350, Los Angeles, California 90067.  Samsung is informed and believes that Triller Hold is the predecessor to Triller Corp.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this proceeding pursuant to 9 U.S.C. §§ 203 and 207, and 28 U.S.C. § 1331.  This proceeding arises under the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), a treaty in force in the United States.  9 U.S.C. § 201.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE ICC ARBITRATION

6.      Effective December 1, 2020, Samsung and Triller (collectively, the

Rutan & Tucker, LLP
attorneys at law

2314/034982-0001
19993651.5 a12/27/23

-2-

PETITION TO CONFIRM FOREIGN
ARBITRATION AWARD

"Parties") entered into a Mobile Application Collaboration Agreement ("MACA"), a true and correct copy of which is attached hereto as <u>Exhibit 1</u>.

7.     Pursuant to the MACA, Triller agreed to pay Samsung "Placement Fees" for "each installation" of the Triller App.

8.     While Triller initially paid invoices issued under the MACA, Triller subsequently breached the MACA by failing to pay Samsung invoices from at least April to September 2021.  As a result of Triller's breach, Triller owed Samsung at least $1,811,383.21, plus interest.

9.     Samsung initiated the ICC Arbitration on July 1, 2022 pursuant to paragraph 12.1 of the MACA.  Samsung sought an award of damages on the unpaid invoices, plus interest, as well as Samsung's fees and costs in the arbitration.

10.     Grant L. Kim was confirmed as sole arbitrator by the Secretary General of the International Court of Arbitration of the International Chamber of Commerce (the "Arbitrator").

11.     Triller filed its Answer to Samsung's Request for Arbitration on or around September 13, 2022 and the Parties participated in an initial case management conference by videoconference on January 11, 2023.

12.     On March 17, 2023, Samsung submitted its Statement of Claims. Triller was ordered to submit its Statement of Defense by April 17, 2023.  But Triller did not submit its Statement of Defense by the April 17 deadline.  Despite subsequently requesting and receiving an extension until May 10, 2023, Triller did not submit its Statement of Defense by that date (or thereafter), nor did it request a further extension or an opportunity to cross-examine Samsung's witness at the merits hearing.

13.     Neither Party requested a hearing and the arbitrator issued its Final Award on July 1, 2023, a true and correct copy of which is attached hereto as <u>Exhibit 2</u>.

14.     Despite Triller's failure to submit a Statement of Defense or request a

Rutan & Tucker, LLP
attorneys at law

2314/034982-0001
19993651.5 a12/27/23                                           -3-

PETITION TO CONFIRM FOREIGN
ARBITRATION AWARD

1  merits hearing, the Arbitrator issued an award on the merits, in view of the evidence,

2  argument, and other materials submitted, pursuant to Article 6(8) of the ICC Rules.

3      15.    Specifically, the Arbitrator found that Triller breached the MACA by

4  failing to pay the total principal amount of $1,811,383.21 that was due for

5  installations of the Triller App on Samsung devices for the period of April to

6  September 2021.

7      16.    The Arbitrator ordered Triller to pay Samsung as follows:

8      a.    The principal amount of $1,811,383.21;

9      b.    Simple interest on the unpaid principal, accruing at the rate of

10  1% per month from 30 days of Triller's receipt of the applicable invoice until

11  payment is made.  As of July 1, 2023, the accrued interest was $405,555.46, so the

12  total principal and interest due as of that date was $2,216,938.67;

13      c.    Post-award interest, which continues to accrue on the remaining

14  unpaid principal at 1% per month from July 2, 2023, until payment is made;

15      d.    Fees and costs that Samsung incurred in connection with the

16  arbitration in the amount of Republic of Korea won ("KRW") 151,910,935.00 in

17  legal fees and expenses (approximately $115,000.00 USD), plus $75,000.00 in

18  arbitration costs.  Triller has failed to pay any part of the Final Award.

19  **<u>REQUEST FOR CONFIRMATION</u>**

20      17.    Samsung repeats and realleges the allegations in paragraphs 1 through

21  14 as if set forth fully herein.

22      18.    Paragraph 12.1 of the MACA constitutes "an agreement in writing"

23  within the meaning of Article II of the New York Convention.

24      19.    The Final Award, which is not entirely between citizens of the United

25  States, arose out of a legal relationship that is commercial in nature, within the

26  meaning of 9 U.S.C. § 202.

27      20.    Pursuant to Sections 201 and 207 of the Federal Arbitration Act, 9

28  U.S.C. § 1 et seq., and Article IV of the New York Convention, the Final Award is

Rutan & Tucker, LLP
attorneys at law
2314/034982-0001
19993651.5 a12/27/23
-4-
PETITION TO CONFIRM FOREIGN
ARBITRATION AWARD

1  entitled to confirmation, recognition and enforcement.

2       21.    Pursuant to Section 207 of the Federal Arbitration Act, "[t]he court

3  *shall* confirm the award unless it finds one of the grounds for refusal or deferral of

4  recognition or enforcement of the award specified in the said Convention." 9 U.S.C.

5  § 207 (emphasis added). No grounds exist for the Court to refuse or defer

6  recognition or enforcement of the Final Award. "[T]he public policy in favor of

7  international arbitration is strong, and the New York Convention defenses are

8  interpreted narrowly." *ITN Holdings Ltd. v. Wei*, Case No. 19-cv-9483-GW-PJWx,

9  2020 U.S. Dist. LEXIS 19410, at *10 (C.D. Cal. Feb. 3, 2020) (citing *Polimaster*

10 *Ltd. v. RAE Sys.*, 623 F.3d 832, 836 (9th Cir. 2010)).

11      22.    Accordingly, Samsung respectfully requests that this Court confirm and

12 enter judgment consistent with the Final Award.

13              **PRAYER FOR RELIEF**

14      WHEREFORE, Samsung respectfully requests that this Court:

15      1.    Enter an Order confirming the Final Award as a judgment of the Court,

16 as authorized by the Federal Arbitration Act, 9 U.S.C. § 207;

17      2.    Enter judgment against Triller consistent with the Final Award,

18 including in an amount equal to (a) the full principal amount of the Final Award of

19 $1,811,383.21, (b) simple interest on the unpaid principal, accruing at the rate of 1%

20 per month from 30 days of Triller's receipt of the applicable invoice until July 1,

21 2023, for a total of $405,555.46, (c) post-award interest, accruing on the remaining

22 unpaid principal at 1% per month from July 2, 2023, until payment is made; and

23 (d) fees and costs that Samsung incurred in connection with the arbitration in the

24 amount of KRW 151,910,935.00 in legal fees and expenses, plus $75,000.00 in

25 arbitration costs;

26      3.    Award Samsung its costs in connection with this Petition;

27      4.    Retain jurisdiction over the matter for any further or supplemental

28 proceedings as may be necessary for purposes of enforcing the Final Award and any

Rutan & Tucker, LLP
*attorneys at law*

2314/034982-0001
19993651.5 a12/27/23

-5-

PETITION TO CONFIRM FOREIGN
ARBITRATION AWARD

1 | further awards or judgments which may be obtained;

2 |        5.       Award Samsung its costs and any such other relief as the Court deems

3 | just and proper.

4

5

6 | Dated:  January 10, 2024

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
LUCAS K. HORI
TALYA GOLDFINGER

By: _____
       Michael D. Adams
       Attorneys for Petitioner SAMSUNG
       ELECTRONICS, CO., LTD..

Rutan & Tucker, LLP
attorneys at law

2314/034982-0001
19993651.5 a12/27/23

-6-

PETITION TO CONFIRM FOREIGN
ARBITRATION AWARD

# EXHIBIT 1

# FILED CONDITIONALLY UNDER SEAL PER

# APPLICATION TO FILE UNDER SEAL

# EXHIBIT 2

**REDACTED PER**

**APPLICATION TO FILE**

**UNDER SEAL**

## INTERNATIONAL COURT OF ARBITRATION

## INTERNATIONAL CHAMBER OF COMMERCE

### ICC CASE NO. 27112/XZG

---

**In the Matter of Arbitration Between:**

*SAMSUNG ELECTRONICS CO., LTD.* (Republic of Korea),

Claimant

**v.**

*TRILLER, INC.* (United States of America),

Respondent

---

### FINAL AWARD

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................... 2

TABLE OF ABBREVIATIONS ........................................................................................ 4

I.    INTRODUCTION ...................................................................................................... 5

II.   THE PARTIES AND THEIR REPRESENTATIVES, THE ARBITRATOR, AND THE
      ARBITRATION AGREEMENT ............................................................................... 6

III.  PROCEDURAL HISTORY ....................................................................................... 8

      A. Initial Pleadings, Expedited Procedures, and Arbitrator Appointment (July to
         December 2022) ................................................................................................... 8

      B.  Initial Conference and Procedural Order No. 1 and Timetable (January 2023).............. 10

      C.  Withdrawal of Triller's Counsel and Triller's Failure to Submit its  Statement of
          Defense (February to April 25, 2023) .............................................................. 12

      D. Triller's Request for an Extension and Continued Failure to Submit a Statement of
         Defense (April 26 to May 10, 2023) ................................................................ 16

      E. Triller's Failure to Request a Merits Hearing, Samsung's Submission on Costs and
         Sealed Offer, and Closing of the Proceedings (May 10 to June 9, 2023) ....................... 17

IV.   SUMMARY OF SAMSUNG'S CLAIMS AND TRILLER'S DEFENSES........................ 20

      A. Samsung's Claims.............................................................................................. 20

      B. Triller's Defenses............................................................................................... 20

      C. Samsung's Response to Triller's Defenses ..................................................... 22

V.    ANALYSIS OF THE PARTIES' CLAIMS AND DEFENSES ........................................ 23

      A. Samsung's Claim for the Fees Due for Installations of the Triller App ........................... 23

          1.   Limited Scope of the Dispute........................................................................ 23

          2.   Triller's Agreement to Pay "Placement Fees" for Each "Installation" of the Triller
               App.................................................................................................................. 25

          3.   Triller's Argument about "Real Human Users" and "Suspicious Bot Traffic" .......... 27

               a. The July 8 Email chain refers to suspicious "sign-ins" and user activity, *not*
                  automatic bot downloads........................................................................ 28

               b. Triller ignored Samsung's request for more details.............................. 29

c.  "Installation" is not limited to downloads by human users .................................. 29

d.  The definition of "Implemented Samsung Products" does not support Triller's
"Human Download" argument ........................................................................... 32

4.  Triller's "User Data" Argument ...................................................................................... 35

5.  The "Friendly Negotiation" Clause of the MACA ...................................................... 36

B. Samsung's Claim for Interest .................................................................................................. 38

C. Samsung's Claim for Fees and Costs ..................................................................................... 40

VI.  CONCLUSION AND RELIEF GRANTED .......................................................................... 44

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| Claimant or Samsung | Claimant Samsung Electronics Co., Ltd. |
| Company Application (or Triller App) | Triller's video-sharing social networking app |
| Expedited Procedures | Expedited Procedure Provisions in Appendix VI of the ICC Rules |
| ICC Court | International Court of Arbitration of the International Chamber of Commerce |
| ICC Rules | ICC Rules of Arbitration (2021) |
| July 8 Email | Email that Ekank Goyal of Triller sent to Syed Ahsan of Samsung on July 8, 2020 (part of the Exhibit C-11 email chain) |
| ▮ Witness Statement | March 17, 2023, Witness Statement of Mr. ▮ |
| MACA | Mobile Application Collaboration Agreement between Samsung and Triller, effective December 1, 2020 (Exhibit C-1) |
| Parties | Claimant Samsung Electronics Co., Ltd. and Respondent Triller, Inc. |
| Placement Fees | Fees that the MACA requires Triller to pay to Samsung for installations of the Triller App |
| Respondent | Respondent Triller, Inc. |
| Samsung | Claimant Samsung Electronics Co., Ltd. |
| Samsung RFA | Samsung's Request for Arbitration dated July 1, 2022 |
| Samsung Statement of Claim | Samsung's Statement of Claim dated March 17, 2023 |
| Secretariat | Secretariat of the International Court of Arbitration of the International Chamber of Commerce |
| Secretary General | Secretary General of the International Court of Arbitration of the International Chamber of Commerce |
| Triller | Respondent Triller, Inc. |
| Triller Answer | Triller's Answer to Samsung's Request for Arbitration dated September 13, 2022 |
| Triller App | Triller's video-sharing social networking app |

## I.   INTRODUCTION

1.   This Final Award addresses a dispute between Claimant Samsung Electronics Co., Ltd. (**"Claimant"** or **"Samsung"**) and Respondent Triller, Inc. (**"Respondent"** or **"Triller"**). The dispute arises from a Mobile Application Collaboration Agreement (**"MACA"**) between Samsung and Triller (collectively, **"the Parties"**) that was effective as of December 1, 2020, and which Samsung submitted as Exhibit C-001.

2.   The Parties agreed in the MACA that █████████████████████████████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████ [1]

3.   The MACA ████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ [2] ███████████ ██████████████████████████████████████████████████████████████████ ██████████████████████████████████████████ [3]

4.   The MACA ███████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ███████████████████████████████████ [4] █████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ [5]

5.   Samsung claims it performed the MACA by ████████████████████████████ ███████████████████████████ Samsung asserts that Triller paid the first two invoices, but breached the MACA by failing to pay the six invoices for April to September 2021.

6.   Samsung seeks an arbitral award that requires Triller to pay the total principal amount of United States Dollars (**"USD"**) 1,811,383.21, plus interest and the fees and costs incurred in this arbitration. [6]

---

[1]   MACA, Sections 2.1 and 2.3.

[2]   MACA, Section 4.1.

[3]   MACA, Section 1.4.

[4]   MACA, Section 4.2.

[5]   MACA, Section 4.2.

[6]   All monetary amounts herein are in U.S. dollars, unless as noted for costs in Korean won.

7.      As discussed in more detail below, Triller initially participated in this arbitration by
        retaining outside counsel who filed an Answer that asserted defenses and who attended an
        initial procedural conference.  Triller's outside counsel, however, later withdrew from the
        case.  Triller did not file a Statement of Defense or request a merits hearing, despite
        repeated notices that were sent to Triller's General Counsel, who requested an extension
        but then ceased to participate.

8.      Although Triller did not submit a Statement of Defense or request a merits hearing, I have
        carefully reviewed the evidence and arguments submitted by both Samsung and Triller to
        determine whether Samsung is entitled to the relief it has requested.

9.      This Final Award includes the following sections:

        - The Parties and Their Representatives, the Arbitrator, and the Arbitration
          Agreement (Section II);

        - Procedural History (Section III);

        - Summary of Samsung's Claims and Triller's Defenses (Section IV);

        - Analysis of the Parties' Claims and Defenses (Section V); and

        - Conclusion and Relief Granted (Section VI).

**II.     THE PARTIES AND THEIR REPRESENTATIVES, THE ARBITRATOR, AND THE
        ARBITRATION AGREEMENT**

10.     Claimant Samsung is a company that is based and incorporated in the Republic of Korea.
        Its registered address, as set forth in Samsung's Request for Arbitration, is as follows:

                Samsung Electronics Co., Ltd.
                129 Samsung-ro, Yeongtong-gu, Suwon-si
                Gyeonggi-do, 16677
                Republic of Korea
                Attention: Mr. Matthew IM

11.     Samsung has been represented throughout this arbitration by the following counsel at the
        law firm of Lee & Ko:

                Mr Kyunghoon Lee
                Mr Robert Wachter
                Ms Sunyoung Kim
                Ms Suejin Ahn

> LEE & KO
> Hanjin Main Building, 63 Namdaemun-ro, Jung-gu
> Seoul 04532, Republic of Korea

12.   Respondent Triller is a Delaware corporation based in California.  Its registered address, as stated in Triller Answer, is as follows:

> Triller, Inc.
> 2121 Avenue of the Stars
> Century City, CA 90067
> U.S.A.

13.   When Triller filed its Answer, it was represented by the following counsel:

> Mr Gonzalo Zeballos
> Mr Carlos Ramos-Mrosovsky
> BAKER & HOSTETLER LLP
> 45 Rockefeller Plaza, New York, NY 10111, U.S.A.

> Ms Mary Kate Wagner
> BAKER & HOSTETLER LLP
> Washington Square, 1050 Connecticut Ave, N.W. | Suite 1100
> Washington, DC 20036-5403, U.S.A.

> Mr Timothy Dickens
> DR & AJU LLC
> 7-16F, Donghoon Tower
> 317 Teheran-ro, Gangnam-gu
> Seoul 06151, Republic of Korea

14.   As discussed below, Triller's outside counsel later withdrew from the case.  After counsel withdrew, Triller's General Counsel, Craig Zimmerman, confirmed that communications to Triller in this arbitration should be sent by email to the following representatives:

> Mahi de Silva, CEO (mahi@triller.co)
> Craig Zimmerman, General Counsel (czimmerman@triller.co)

15.   Pursuant to Samsung's suggestion, communications after Triller's outside counsel withdrew have also been sent to legal@triller.com.

16.   I have been confirmed as sole arbitrator by the Secretary General of the International Court of Arbitration of the International Chamber of Commerce (the "**Secretary General**" and

"**ICC Court**" respectively), pursuant to the joint nomination of the Parties and Article 13(2) of the Rules.  My address is as follows:

> Grant L. Kim
> LimNexus LLP
> 50 California Street, Suite 1500
> San Francisco, CA 94111 U.S.A.

17.   The Parties' agreement to resolve disputes by arbitration is set forth in Section 12.1 of the MACA, which states in full:

> **12.1 Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the Republic of Korea. All disputes, controversies or differences which may arise between the Parties in relation to this Agreement shall be settled amicably through friendly negotiation. In the event of any controversy or claim arising out of or in connection with any provision of this Agreement or the breach thereof, such controversy or claim shall be finally settled in accordance with the Rules of Arbitration of the International Chamber of Commerce by three (3) arbitrators appointed in accordance with the said Rules unless the Parties agree on a sole arbitrator. The arbitration shall be held in Seoul, the Republic of Korea, and shall be conducted in the English language. Notwithstanding anything above, such arbitration proceedings shall in no way impair or limit the right of either Party to seek injunctive relief without recourse to arbitration, or to otherwise pursue immediate relief needed to prevent the breach of this Agreement. Except to the extent entry of judgment and any subsequent enforcement may require disclosure, all matters relating to the arbitration, including the award, shall be held in confidence.

**III.   PROCEDURAL HISTORY**

> **A.   Initial Pleadings, Expedited Procedures, and Arbitrator Appointment (July to December 2022)**

18.   Samsung initiated this arbitration by filing a Request for Arbitration dated July 1, 2022 ("**Samsung RFA**") with the Secretariat of the ICC Court (the "**Secretariat**").  Samsung claimed that Triller had breached the MACA by failing to pay the total principal amount of USD 1,811,383.21.  Samsung sought an award of that principal, plus interest and Samsung's fees and costs in this arbitration.[7]  Samsung quoted the arbitration clause in Section 12.1 of the MACA, which requires disputes between the Parties that arise in

---

[7]  Samsung RFA, ¶¶ 33-36.

relation to the MACA to be resolved by arbitration under the Arbitration Rules of the ICC ("**the ICC Rules**"). [8]

19. Samsung asserted that the Parties had not agreed on a sole arbitrator, so the dispute should be resolved by three arbitrators under the terms of Article 12.1 of the MACA.[9] Samsung further commented that "[a]s set forth in the arbitration agreement, the parties have agreed that the place of arbitration shall be Seoul, Republic of Korea."

20. Following an extension of time granted by the Secretariat pursuant to Articles 5(2) and 5(4) of the ICC Rules, Triller filed an Answer to Samsung's Request for Arbitration dated September 13, 2022 ("**Triller Answer**").  Triller denied liability and asserted that it should be excused from making payment under the MACA, because Samsung improperly failed to provide information about downloads of the Triller App by "real human users," in contrast to "automatic 'bot' downloads."[10]

21. Triller agreed in its Answer that this dispute is subject to arbitration under the ICC Rules. Triller asserted, however, that Article 30 of the ICC Rules requires application of the Expedited Procedure Provisions in Appendix VI of the ICC Rules (the "**Expedited Procedures**"), because the amount in dispute is less than USD 2 million, and the arbitration agreement was concluded after March 1, 2017 and before January 1, 2021. [11]

22. Triller further asserted that Samsung had not conferred with Triller about appointment of a sole arbitrator and requested that the Parties be provided a reasonable time to confer on this subject.  Triller asserted that appointment of a sole arbitrator is proper because this case is governed by the Expedited Procedures, which state that the ICC Court may appoint a sole arbitrator, even if the Parties' arbitration agreement provides for three arbitrators. As for the place of arbitration, Triller did not agree with Samsung that the place of arbitration shall be Seoul, Republic of Korea pursuant to the arbitration agreement, and proposed that "the ICC Court fix Singapore as the place of arbitration." On September 15, 2022, the Secretariat informed the parties that as the parties had not agreed, the Court would fix the place of arbitration pursuant to Article 18(1) of the Rules.

---

[8]  Samsung RFA, ¶ 10.  References to the ICC Rules are to the January 1, 2022, version, which are the rules that were in effect when this arbitration was filed in July 2022.

[9]  Samsung RFA, ¶¶ 13-14.

[10]  Triller Answer, ¶¶ 38-44.

[11]  Triller Answer ¶¶ 10-15.

23.     On September 21, 2022, Samsung requested that "the ICC Court determine that the case shall be heard by three arbitrators." On September 22, 2022, the Secretariat notified the Parties that the Expedited Procedures apply, in light of the amount in dispute and that no party requested to opt out of the Expedited Procedures. The Secretariat noted that the Parties' arbitration agreement provides for three arbitrators, but that Article 2 of the Expedited Procedures authorizes the ICC Court to appoint a sole arbitrator, notwithstanding any contrary agreement of the Parties. The Secretariat stated that it would invite the ICC Court to decide whether to appoint one or three arbitrators.

24.     On October 7, 2022, the Secretariat notified the Parties that on October 6, 2022, the ICC Court had fixed the place of arbitration as Seoul, Republic of Korea and had decided to submit the arbitration to a sole arbitrator. The Secretariat invited the Parties to jointly nominate the sole arbitrator.

25.     On November 7, 2022, the Secretariat provided notice that the Parties had jointly nominated Grant Kim as the sole arbitrator. On November 11, 2022, the Secretariat forwarded to the Parties my Statement of Acceptance, Availability, Impartiality and Independence, and noted that it included a disclosure.

26.     On November 24, 2022, the Secretariat forwarded to the Parties a supplemental disclosure that I made in response to a request from Respondent.

27.     On December 9, 2022, Triller confirmed that it had no objection to the ICC confirming me as sole arbitrator. Triller also requested an extension of the 15-day time limit under the Expedited Procedures to convene a case management conference, in view of the upcoming end-of-year holidays. On December 19, 2022, Samsung requested that the Secretariat proceed with my confirmation as sole arbitrator.

28.     On December 20, 2022, the Secretary General confirmed me as sole arbitrator, pursuant to the joint nomination of the Parties. The Secretariat transmitted the case file to me and noted that the Expedited Procedures required a case management conference to be convened within 15 days, or by January 4, 2023. The Secretariat invited me to consider Triller's request to extend that deadline.

**B.     Initial Conference and Procedural Order No. 1 and Timetable (January 2023)**

29.     An initial case management conference was held by videoconference on January 11, 2023, after the ICC Court had extended the deadline to convene the conference until January 19, 2023. The results of that conference are summarized in Procedural Order No. 1 and

Timetable, which was initially issued on January 17, 2023, and then issued with a minor correction on January 20, 2023.

30. As noted in Procedural Order No. 1, Sunyoung Kim and Robert Watcher of Lee & Ko appeared at the case management conference as counsel for Samsung; and Gonzalo Zeballos, Carlos Ramos-Mrosovsky, and Mary Kate Wagner of Baker & Hostetler LLP, and Timothy Dickens of DR & AJU LLC appeared as counsel for Triller.[12]

31. Procedural Order No. 1 confirmed the following points: [13]

- The Parties confirmed that they have reviewed my disclosures and have no objection to my appointment as sole arbitrator. The Parties also confirmed that they have no objections to arbitral jurisdiction.

- The Parties agree that this case is governed by the substantive law of the Republic of Korea.

- The Parties agree that the Arbitration Rules of the International Chamber of Commerce (2021, "ICC Rules"), including the Expedited Procedure Rules in Appendix VI, govern these proceedings.

- The place of arbitration is Seoul, Republic of Korea as previously decided by the ICC Court.

- Communications shall be by email to the Arbitrator, counsel, and ICC at the addresses in Procedural Order No. 1, with no need for hard copies, unless requested by the Arbitrator. Voluminous documents may be transmitted by FTP link. The Parties shall provide prompt notice of any changes to their contact information; in the absence of such notice, communications sent to the emails in the Communications List shall be valid and effective.

- The arbitration shall be conducted in English, with English translations of all or relevant portions of documents submitted in a different language, which need not be certified, but are subject to objections of the other party in its next scheduled submission, or within two weeks if there is no scheduled submission.

- The Parties agree to use the IBA Rules on the Taking of Evidence in International Arbitration as guidelines.

---

[12] Procedural Order No. 1, ¶ 1.

[13] Procedural Order No. 1, ¶¶ 3-6, 8-9, 16. No Terms of Reference were issued because Article 3 of the Expedited Procedures states that Article 23 of the ICC Rules does not apply.

32.   Procedural Order No. 1 also included an agreed timetable, which included a limited number of narrowly tailored document requests, followed by written merits submissions including an argumentative brief, fact and expert witness statements, evidentiary exhibits, and legal authorities. A final merits hearing by videoconference was scheduled for June 12 and 13, 2023, followed by concurrent post-hearing submissions on costs.

33.   Procedural Order No. 1 concluded by emphasizing: [14]

> All deadlines shall be strictly enforced in view of the expedited nature of this arbitration. Any request to extend deadlines requires a strong showing of good cause and shall be made as far in advance as possible, after conferring with the other side.

### C.   Withdrawal of Triller's Counsel and Triller's Failure to Submit its Statement of Defense (February to April 25, 2023)

34.   Pursuant to the Procedural Order No. 1 timetable, Triller served document requests on Samsung on January 27, 2023.

35.   On February 6, 2023, Baker & Hostetler provided notice that it was withdrawing as Triller's counsel, but that Timothy Dickens of DR & AJU would continue to represent Triller. I confirmed Baker & Hostetler's withdrawal on the same date and noted that future communications to Respondent should be sent to Timothy Dickens of DR & AJU only, and not to Baker & Hostetler. I also noted: "all deadlines in the timetable attached to Procedural Order No. 1 shall remain in effect...."

36.   On February 9, 2023, Samsung submitted its objections to Triller's document requests, in the form of a Redfern schedule. On February 13, 2023, I issued Procedural Order No. 2, which sustained Samsung's objections to Triller's requests on the ground that they did not comply with the IBA Rules, which required Triller to limit its requests to "narrow and specific" categories of document that are "material to the outcome" of the case and reasonably believed to exist. The denial was without prejudice to Triller submitting revised requests that complied these requirements, if warranted by new developments.

37.   On March 17, 2023, Samsung submitted its Statement of Claim ("**Samsung Statement of Claim**"), by the deadline in Procedural Order No. 1. Samsung submitted a brief, witness statement of Mr. [redacted], and supporting evidentiary exhibits and legal authorities.

---

[14]   Procedural Order No. 1, ¶ 28.

38.     I confirmed receipt of Samsung's Statement of Claim and noted that Procedural Order No. 1 required Triller to submit its Statement of Defense by April 17, 2023. Given that Triller's US-based counsel had withdrawn from the case, I asked Triller's Korea-based counsel confirm by March 24, that Triller intends to participate in this arbitration and to submit its Statement of Defense by the April 17 deadline. I also requested confirmation that the deadline was the end of April 17, Seoul time, the location of Triller remaining counsel.

39.     Triller's counsel, Mr. Dickens, confirmed on March 19, 2023 that the deadline was the end of March 17, Seoul time, and stated he would revert on the other issues after receiving instructions from his client. On March 27, 2023, Mr. Dickens reported that he had "yet to receive any feedback or instructions from the Respondent and have reached out a few times already." He further stated: "Should we not get instructions by the end of the week we will most likely need to withdraw as attorneys of record."

40.     On April 5, 2023, Mr. Dickens stated: "To update, we have yet to receive any feedback and/or instructions from the Respondent. We have given them till Friday this week to give us instructions failing which we will withdrawn [sic] as attorney's of record."

41.     I replied on the same date by emphasizing that Triller's Statement of Defense is due on April 17, 2023, Seoul time. I asked Mr. Dickens to inform his client that "if Respondent does not submit its Statement of Defense, I may proceed to decide this case based on Claimant's Statement of Claim and the other submissions of both sides to date, and may also decide that there is no need for the other written and oral submissions set forth in the Procedural Timetable, except as to costs." I also asked Mr. Dickens to provide Triller's contact information, if his firm withdraws as counsel.

42.     On April 10, 2023, Mr. Dickens sent an email confirming that his law firm, DR & AJU, is withdrawing as counsel for Respondent Triller and providing the following contact information for Triller: (1) Craig Zimmerman, General Counsel (czimmerman@triller.co); (2) Evan Lee, Senior Legal Counsel (Evan@triller.co); (3) registered address: 2121 Avenue of the Stars, Century City, CA 90067.

43.     On April 11, 2023, I confirmed receipt of Mr. Dickens' notice of withdrawal of DR & AJU. I copied my reply to Mr. Zimmerman and Mr. Lee, Triller's in-house counsel that Mr. Dickens had identified, and invited them to provide any comments on DR & AJU's withdrawal by April 14, 2023. I stated:

> Mr. Zimmerman and Mr. Lee are also advised that Triller's Statement of Defense is due by April 17, 2023, pursuant to the schedule set in Revised

13

Procedural Order No. 1 (copy attached). If Triller wishes to submit a reasoned request for a short extension, it should do so before that deadline and should explain why there is good cause for an extension. If Triller does not request an extension and also does not submit its Statement of Defense by the April 17 deadline, I will proceed on the understanding that Triller has decided not to submit a Statement of Defense and may proceed to decide the merits of this arbitration based on the prior submissions, including Claimant's Request for Arbitration and Statement of Claim, as well Respondent's Answer to the Request for Arbitration.

44.    Triller did not submit its Statement of Defense by the April 17 deadline or request an extension. Nor did Mr. Zimmerman and Mr. Lee submit any comments about the withdrawal of counsel. Accordingly, on April 18, 2023, I sent an email to Mr. Dickens, Mr. Zimmerman and Mr. Lee that confirmed the withdrawal of DR & AJU and Mr. Dickens as counsel, and directed that further communications to Respondent be sent to Mr. Zimmerman and Mr. Lee only. I also stated:

> I note also that Respondent Triller did not submit its Statement of Defense by the April 17 deadline, nor did it request an extension of that deadline. If Respondent Triller nevertheless wishes to submit a Statement of Defense, it is requested to so advise by no later than April 21, 2023, California time. Triller is again reminded that the arbitration will proceed and an arbitral award will be issued, even if it does not participate in the proceedings.

45.    I also asked Samsung's counsel to advise if they believed that communications should be copied to any other representatives of Triller and also whether they considered service by mail to be appropriate. Samsung's counsel suggested on April 20, 2023, that communications to Triller be copied to three additional email addresses: 1) Mahi de Silva (CEO), mahi@triller.co; (2) Paul Kahn (CFO), paul@triller.co; (3) Legal representative account, legal@triller.co. They also suggested service by mail to Triller at 2121 Avenue of the Stars, Century City, CA 90067.

46.    Triller did not reply to my April 18 email. On April 22, 2023, I confirmed that the three additional Triller email addresses should be added and that a confirming hard copy should be sent to all five Triller representatives at the address that Samsung's counsel had provided, using a method that results in confirmation of receipt (such as express courier or registered mail). I again noted that Triller had not submitted its Statement of Defense by the April 17, 2023 deadline and had also not requested an extension of time. I stated that I would send a separate letter and directions concerning the schedule for further proceedings.

47.     On April 25, 2023, I issued Procedural Order No. 3, which addressed the impact of Triller's failure to submit its Statement of Defense and the withdrawal of Triller's counsel on further proceedings in the case. After describing the prior events in the arbitration, I stated: [15]

> In sum, Triller was represented by both Baker & Hostetler and DR & AJU when it submitted its Answer in September 2022 and when Revised Procedural Order No. 1 and Timetable was issued in January 2023. However, Baker & Hostetler withdrew as counsel on February 6, 2023, and DR & AJU provided notice that it was withdrawing as counsel on April 10, 2023. I confirmed DR & AJU's withdrawal as counsel on April 18, 2023, after Mr. Zimmerman and Mr. Lee of Triller failed to object or to provide any comments on that withdrawal. Thus, Triller has become an unrepresented party, without any counsel.

> Further, Triller failed to submit its Statement of Defense by the April 17, 2023 deadline in the Procedural Order No. 1 timetable, despite the warnings in my emails of March 17, April 5, April 11, April 18, and April 22, 2023. Triller also did not request an extension of that deadline. Thus, I need to address the impact of the withdrawal of Respondent's counsel and failure to submit a Statement of Defense on this arbitration.

48.     After providing the above summary of prior events, Procedural Order No. 3 stated: [16]

- The withdrawal of Respondent's counsel does not preclude it from presenting a defense. On the contrary, parties to an ICC arbitration that are not represented by counsel may, and sometimes do, present a defense.

- ICC arbitration differs from U.S. court litigation in that a failure to defend by a respondent does not automatically result in a finding of liability. Rather, a decision must still be made whether the claimant is entitled to the relief it has requested, after considering all evidence and argument that has been submitted.

- Article 6(8) of the ICC Rules states: "If any of the parties refuses or fails to take part in the arbitration or any stage thereof, the arbitration shall proceed notwithstanding such refusal or failure." Thus, the arbitration will proceed, and I will issue an award on the merits, in view of the evidence, argument, and other materials submitted.

- Triller asserted in its Answer that it should be excused from making payment under the MACA, ███████████████████████████████████████
  ███████████████████████████████████

---

[15]  Procedural Order No. 3, ¶¶ 20-21.

[16]  Procedural Order No. 3, ¶¶ 22-26.

▮▮▮▮▮▮▮▮▮▮  Samsung asserted in its Statement of Claim that Triller's argument fails for several reasons.  Triller did not submit its Statement of Defense, so the record contains no rebuttal by Triller.

49.     Procedural Order No. 3 further noted: "Triller did not request an extension of the April 17, 2023 deadline for its Statement of Defense, even though my April 18, 2023 email provided Triller until April 21, 2023 to request an extension."  Nevertheless, "to make it clear that Triller has had ample opportunity to present its case," Procedural Order No. 3 provided Triller with "a final opportunity" to request an extension.  Procedural Order No. 3 stated that if Triller requests an extension by May 1 and shows good cause, further directions would be issued as to the schedule, which would include extended deadlines for Triller's Statement of Defense and Samsung's Statement of Reply, but would not include a rejoinder by Triller, in view of its prior delay. [17]

### D.   Triller's Request for an Extension and Continued Failure to Submit a Statement of Defense (April 26 to May 10, 2023)

50.     On April 25, 2023, I sent Procedural Order No. 3 by email, with an explanatory cover letter, to Craig Zimmerman, Triller's General Counsel, as well as to Mahi de Silva (Triller's CEO), Paul Kahn (Triller's CFO), Evan Lee (Triller's Senior Legal Counsel), and Triller's legal representative account.

51.     On April 26, 2023, Mr. Zimmerman sent a reply email that requested an extension until May 10, 2023 to file Triller's Statement of Defense.  Mr. Zimmerman stated that he had been dealing with a health issue and that Triller was "caught off guard with short notice with respect to its counsel intent to seek withdrawal."  He further stated that Triller needed time to find replacement counsel.

52.     Mr. Zimmerman confirmed on April 27, 2023 that communications to Triller should be sent to Mr. Zimmerman and Triller's CEO, Mahi de Silva, with no need to copy Mr. Kahn and Mr. Lee.  He also confirmed that Triller agreed to "email only communications," with no need for confirming hard copies unless requested by the Arbitrator.

53.     On April 27, 2023, I sent an email to Mr. Zimmerman, with a copy to Samsung's counsel, which confirmed that communications to Triller should be sent by email only to Mr. Zimmerman  (czimmerman@triller.co),  Mahi   de   Silva   (mahi@triller.co)   and

---

[17] Procedural Order No. 3, ¶¶ 28-29.

legal@triller.co.  I also invited Samsung to provide comments on Triller's extension request.

54.     On May 2, 2023, Samsung opposed Triller's extension request, asserting that Triller had not shown good cause or justified Triller's failure to communicate.  Samsung emphasized that Triller was the party that insisted on an expedited schedule under the ICC expedited procedures.  Samsung expressed concern that Triller's extension request is "not a one off event, but is part of a pattern of Triller trying to delay the final resolution of the case."

55.     On May 2, 2023, I granted an extension in Procedural Order No. 4.  I agreed with Samsung that Triller should have been more diligent, noting that Triller had ample notice that its counsel may withdraw and should have requested an extension before, rather than after, the April 17 deadline.  I nevertheless granted Triller an extension to file its Statement of Defense until May 10, 2023, "in view of the general policy of providing both sides with a reasonable opportunity to present its case." [18]

56.     Procedural Order No. 4 emphasized: "No further extension will be granted, unless Triller makes a showing of extraordinary and compelling circumstances that could not have been anticipated."  It also noted that "Triller's Statement of Defense shall include an argumentative brief and all fact and expert witness statements, evidentiary exhibits, and legal authorities on which Triller relies and shall comply with all other requirements of paragraphs 10-15 of Revised Procedural Order No. 1." [19]

57.     The revised timetable attached to Procedural Order No. 4 also set May 10, 2023, as the deadline for Triller to state "whether it would like to cross-examine Claimant's witness, Mr. ███████████, at the merits hearing." [20]

### E.     Triller's Failure to Request a Merits Hearing, Samsung's Submission on Costs and Sealed Offer, and Closing of the Proceedings (May 10 to June 9, 2023)

58.     Despite requesting an extension until May 10, 2023, Triller did not submit its Statement of Defense by that date, nor did it request a further extension or an opportunity to cross-examine Claimant's witness, Mr. ███████████, at the merits hearing.

---

[18]  Procedural Order No. 4, ¶¶ 9-10.

[19]  Procedural Order No. 4, ¶¶ 10-11.

[20]  Procedural Order No. 4, at page 4 (Revised Procedural Timetable).

17

59.    On May 11, 2023, I issued Procedural Order No. 5. In view of Triller's failure to submit
       its Statement of Defense by the extended deadline, I found that "there was no need for
       Samsung to file a Statement of Reply" and that "Triller had decided to forego the
       opportunity to submit a witness statement or other evidence."[21]

60.    Procedural Order No. 5 noted that Article 26(1) of the ICC Rules states: "A hearing shall
       be held if any of the parties so requests or, failing such a request, if the arbitral tribunal on
       its own motion decides to hear the parties." Consistent with that clause, Procedural Order
       No. 5 stated that if either Samsung or Triller requested a hearing by May 18, 2023, the
       hearing would proceed by videoconference on the previously scheduled dates of June
       12-13, 2023. It further stated that if Triller requested an opportunity to cross-examine
       Samsung's witness, Mr. ███ by May 18, it would be provided this opportunity at the
       hearing, even though Triller had not made such a request by the prior May 10 deadline.[22]

61.    Procedural Order No. 5 further stated: "If neither Samsung nor Triller requests a hearing
       by May 18, 2023, then the hearing and related dates shall be cancelled," and "I shall then
       proceed to issue the Award, after considering all submissions made by the Parties."[23]

62.    Procedural Order No. 5 concluded by emphasizing that (a) May 18, 2023 is the "***final
       deadline***" for Triller to request a hearing on the merits and an opportunity to cross-examine
       Mr. ███, and to make arguments based on the evidence previously submitted; and (b) if
       Triller failed to make a timely request by that date, "***Triller will have consented to
       proceeding without a hearing or cross-examination of Mr. ███***," and if Samsung also did
       not request a hearing, "***I will proceed to issue the Award without a hearing after
       considering the Parties' written submissions.***"[24]

63.    Triller did not request a hearing or an opportunity to cross-examine Mr. ███ by the May
       18, 2023 deadline in Procedural Order No. 5. Samsung also did not request a hearing.

64.    On May 19, 2023, I issued Procedural Order No. 6, which stated that I would "proceed to
       issue an award without a hearing after considering the Parties' written submissions,

---

[21] Procedural Order No. 5, ¶ 5.

[22] Procedural Order No. 5, ¶¶ 6-7.

[23] Procedural Order No. 5, ¶ 9.

[24] Procedural Order No. 5, ¶ 11 (emphasis in original).

including any submissions on costs that are made by the May 25, 2023 deadline in the further updated timetable attached hereto…." [25]

65. Samsung made its costs submission in accordance with the May 25, 2023 deadline in Procedural Order No. 6. Triller, in contrast, did not make a costs submission.

66. Samsung stated in its costs submission that it intends to submit a sealed settlement offer and related communications to the ICC Secretariat, pursuant to paragraph 27 of Procedural Order No. 1 and Section XXIV.C of the 2021 ICC Note to Parties and Arbitral Tribunals. Paragraph 27 states:

> The Parties agree that a sealed offer and related communications ("Sealed Offer") may be made and submitted to the Secretariat pursuant to Section XXIV.C of the 2021 ICC Note to Parties and Arbitral Tribunals on the Conduct of the Arbitration under the ICC Rules of Arbitration. The Arbitrator may review the Sealed Offer after deciding liability and damages (even if a Partial Award has not been issued) and may take the Sealed Offer into account in allocating costs in the Final Award on all issues.

67. On May 31, 2023, I informed the Parties that the ICC Secretariat had not received a sealed offer and asked Samsung to clarify if it had submitted or intended to submit a sealed offer. Samsung replied on June 1 that it had just submitted a sealed offer to the ICC Secretariat. I replied by reopening the proceedings (which were closed on May 26, 2023) to allow consideration of the sealed offer. Later on June 1, 2023, the Secretariat transmitted the sealed offer, after I confirmed that I accept to receive the Sealed Offer, and have decided all issues of liability and quantum and am ready to decide on the allocation of costs.

68. On June 2, 2023, I forwarded the sealed offer to Mr. Zimmerman and Mr. Mahi of Triller, noting that Samsung had stated that Triller had not accepted the offer. I invited Triller to provide comments by June 8, 2023, noting that I would close the proceedings and submit the draft Award to the ICC if Triller did not provide any comments.

69. Respondent Triller did not submit any comments regarding the sealed offer. On June 10, 2023, I declared the proceedings to be closed and notified the Parties that I expected to submit the draft Final Award for review by the ICC Court within the next week.

---

[25] Procedural Order No. 6, ¶ 7. Proceeding without a hearing is also authorized by Article 3(5) of the Expedited Procedures, which states: "The arbitral tribunal may, after consulting the parties, decide the dispute solely on the basis of the documents submitted by the parties, with no hearing and no examination of witnesses or experts."

70.   In sum, Triller submitted an Answer, but chose not to request a merits hearing, to submit a Statement of Defense, or to make a submission on costs, despite multiple notices and opportunities to do so. Thus, Triller had a reasonable opportunity to present its case, as required by Article 22(4) of the ICC Rules. Accordingly, I will proceed to decide the merits of the Parties' claims and defenses, consistent with Article 6(8) of the ICC Rules.

## IV.   SUMMARY OF SAMSUNG'S CLAIMS AND TRILLER'S DEFENSES

### A.   Samsung's Claims

71.   Samsung claims that Triller breached the MACA by failing to pay USD 1,811,383.21 that was due under the terms of the MACA. Samsung seeks an award of that principal amount, plus interest on the delayed payments and an award of fees and costs.

72.   Samsung relies on the following evidence included with its July 1, 2022, Request for Arbitration and March 17, 2023, Statement of Claim:

- March 17, 2023, Witness Statement of Mr. ███████ (Korean original and English translation), a Samsung employee responsible for mobile platform partnerships in the North American Market, including Samsung's dealings with Triller under the MACA ("███ **Witness Statement**");

- Exhibit C-1 to C-17 to Samsung's Request for Arbitration, which include the MACA, Samsung's monthly invoices to Triller for the period from February to September 2021, and related emails and letters.

- Exhibits C-18 to C-33 to Samsung's Statement of Claim, which include monthly reports on installations of the Triller App for the period from February to September 2021, as well as several emails and other documents.

- CL-1 and CL-2 (Korean originals and English translations of relevant parts), which are Korean legal authorities regarding contract interpretation that Samsung submitted with its Statement of Claim.

73.   Samsung asserts that its claim is supported by the monthly invoices it sent to Triller, which are consistent with its monthly reports on installations of the Triller App. Samsung states that Triller never disputed the number of installations or the invoice amounts. On the contrary, Triller acknowledged payment was due and agreed to pay, but then failed to pay.

### B.   Triller's Defenses

74.   As discussed above, Triller did not file a Statement of Defense, despite ample opportunity to do so. Triller, however, did submit an Answer on September 13, 2022. Triller asserts

in its Answer that its non-payment was excused by Samsung's failure to clarify the number of "successfully delivered" Triller Apps, for the following reasons: [26]



- █████████████████████████████████████████████████████████

- █████████████████████████████████████████████████████████

- █████████████████████████████████████████████████████████

- █████████████████████████████████████████████████████████

75. █████████████████████████████████████████████████████████

76. █████████████████████████████████████████████████████████

---

[26] Triller Answer, ¶¶ 38-39.

[27] Triller Answer, ¶ 42, quoting C-011 at 2-3.

[28] Triller Answer, ¶ 42, quoting C-011 at 3.

[29] Triller Answer, ¶ 43.

[30] Triller Answer, ¶¶ 40-43.

- Korean Civil Code Article 2 required Samsung to perform its contractual duties under the MACA "in accordance with the principle of trust and good faith."



77. Based on the above arguments, Triller concludes that: [31]

> Claimant cannot therefore continue to fail to provide Respondent with corresponding information relating to such downloads while still claiming to perform the MACA in good faith and reaping the benefits of proper performance. As such, ***Claimant breached its duty of good faith and fair dealing, excusing Respondent from any allegedly outstanding payments.***

### C. Samsung's Response to Triller's Defenses

78. Samsung asserts in its Statement of Claim that Triller's argument about ▮▮▮▮▮▮ ▮▮▮▮▮▮ lacks merits for several reasons, including: [32]



---

[31] Triller Answer, ¶ 44 (emphasis added).

[32] Samsung Statement of Claim, ¶¶ 58-60. Samsung makes several additional arguments, which are discussed in the following analysis of the Parties' arguments.

- Before filing its Answer in this arbitration, Triller never disputed ███████████████ ███████████████████████████████████████████;

- Instead of disputing Samsung's invoices, Triller acknowledged that payment was due and promised to pay, but then failed to do so.

## V.   ANALYSIS OF THE PARTIES' CLAIMS AND DEFENSES

79.   I first analyze Samsung's claim that Triller breached the MACA by failing to pay the amount due for installations of the Triller App, as well as Triller's defenses. (Section V.A.) I then analyze Samsung's requests for an award of interest on the unpaid principal and the fees and costs it has incurred in this arbitration. (Sections V.B and V.C.)

### A.   Samsung's Claim for the Fees Due for Installations of the Triller App

#### 1.   Limited Scope of the Dispute

80.   As an initial matter, it bears emphasis that Triller does not dispute the following points: [33]

- Samsung sent monthly invoices to Triller for a total of USD 1,811,383.21 for installations of the Triller App from April to September 2021;

- Triller paid Samsung's invoices for February and March 2021, but did not pay the invoices for April to September 2021;

- ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████

- Assuming that the number of installations is correct, Samsung correctly calculated that a total of USD 1,811,383.21 in Placement Fees are due.

81.   I have independently reviewed the record and confirmed that the evidence supports the above points. ████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████  Adding those monthly fees results in a total of USD 1,811,383.21 in Placement Fees, which is the total principal amount that Samsung has claimed.

---

[33] *See* Samsung RFA, ¶¶ 21-24; Triller Answer, ¶ 44 (emphasis added).

[34] Table A contains the same information as the chart at paragraph 39 of Samsung Statement of Claim, with the following changes: (1) Samsung's row for February and March 2021 invoices has

**Table A: Samsung Invoices and Monthly Reports for Installations of Triller App**

| Month | Invoice Date | Due Date | Installations | Amount (USD) | Evidence |
|---|---|---|---|---|---|
| Apr 2021 | 20 May 2021 | 19 Jun 2021 | ███ | 368,604.48 | C-4, C-21 |
| May 2021 | 20 Jun 2021 | 19 Jul 2021 | ███ | 405,389.31 | C-5, C-22 |
| Jun 2021 | 20 Jul 2021 | 19 Aug 2021 | ███ | 348,045.12 | C-6, C-23 |
| Jul 2021 | 20 Aug 2021 | 19 Sep 2021 | ███ | 348,290.09 | C-7, C-24 |
| Aug 2021 | 20 Sep 2021 | 19 Oct 2021 | ███ | 209,415.72 | C-8, C-25 |
| Sep 2021 | 20 Oct 2021 | 19 Nov 2021 | ███ | 131,638.49 | C-9, C-26 |
| **Total** | | | ███ | 1,811,383.21 | |

82.  Samsung submitted its monthly reports on Triller App installations for April to September 2021 as Exhibits C-21 to C-26. Those reports include the months, installations, and amounts in Table A above. ███████████████████████████████ ███████████████████████████████████████ █████████████████████████

83.  Mr. ████████ notes that Triller paid the monthly invoices for February and March 2021, but "failed to pay the Placement Fees for the subsequent months."[35] He also notes that Samsung sent Triller several notices about the unpaid bills, including emails in July 2021, a notice of breach in August 2021, and a termination notice in September 2021.[36] Triller, however, "only made promises to pay and continued to hold off on payment."[37]

84.  Samsung sent Triller a final demand letter on October 28, 2021.[38] Samsung demanded payment for its unpaid invoices for April to September 2021 plus interest accrued through

---

been deleted since those invoices were paid; (2) the "Installations" column has been added, based on Samsung's monthly reports; (3) the "Evidence" column has been added to identify the supporting exhibits; and (4) Samsung's "Paid" column has been deleted.

[35] ███ Witness Statement, ¶ 22.

[36] ███ Witness Statement, ¶¶ 22-23; *see* C-10, C-11, C-12, C-13.

[37] ███ Witness Statement, ¶ 22.

[38] C-14, October 28, 2021 Letter from Tim Cho of Samsung to Triller.

November 19, 2021, or a total amount of USD 1,866,162.33. Excluding interest results in the same unpaid principal of USD 1,811,383.21 that Samsung claims in this arbitration.

85. Triller has not disputed any of the above points. Thus, I find that there is no dispute that Triller did not pay Samsung's invoices for April to September 2021 for the total principal amount of USD 1,811,383.21, or that Samsung correctly calculated the amount due if the installation numbers in its monthly reports are correct.

     **2.    Triller's Agreement to Pay** ███████████████████
█████████

86. Triller's primary argument is that ████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
██████████████████████████

87. ███████████████████████████████████
███████████████████████████████████
████████████████████

88. █████████████████████████████
███████████████████████████████
███████████████████████████████
████████████████

89. ███████████████████████████████████
██████████████████████████

    • ███████████████████████████████
███████████████████████████
████████████████████

    • ███████████████████████████████
███████████████████████████████
███████████████████████████████
█████████████████████████

25

90. ██████████████████████████████████████████████
██████████████████████████████████████████████

91. ██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████████████

92. ██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

93. ██████████████████████████████████████████████
█████████████████████████████ ███████████████
██████████████████████████████████████████████
███████████████████████████

94. Triller has not disputed any of the above points. █████████████████
██████████████████████████████████████████████
████████████████████████████████████

95. ██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████

96. Based on the above points, I find that it is undisputed that Triller agreed to pay "Placement Fees" for each installation of the Triller App on Samsung devices, ████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

---

39 ████ Witness Statement, ¶ 12.

40 ████ Witness Statement, ¶ 13.

41 ████ Witness Statement, ¶ 15.

42 Triller Answer, ¶ 37.

43 Triller Answer, ¶ 37, quoting MACA Exhibit A (brackets added by Triller).

███████████████████████████████████████████████
███████████████████████████████████████████

3. **Triller's Argument** ██████████████████████████
██████

97. While not disputing the above points, Triller contends ████████████
████████████████████████████████████████████
██████████████████████████████████ [44]

98. ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████ ■

99. Triller argues that its non-payment is excused by Samsung's failure to reply to Triller's
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████ ██████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████ ■

100. Triller's argument fails for several independent reasons, as discussed below.

---

[44] Triller Answer, ¶ 38. Triller and Samsung use "installation" and "download" interchangeably; I also use these terms interchangeably.

[45] Triller Answer, ¶ 38.

[46] Triller Answer, ¶ 42, citing C-011 at 2-3.

**a.   The July 8 Email chain refers to** 

101.   The first problem with Triller's argument is that, as Samsung notes, the July 8 Email does

102.

103.

104.

105.

47  Samsung Statement of Claim, ¶ 60.

48  C-11 at 3, July 9, 2021 email from Syed Ahsan of Samsung to Ekank Goyal of Triller (emphasis added).

49  ███ Witness Statement, ¶ 26.

50  C-11 at 2; *see* ███ Witness Statement, ¶ 26 ("Samsung requested Triller to provide detailed information regarding the issue above in order to ascertain the precise facts and circumstances").

#### b.   Triller ignored Samsung's request for more details

106.   The second problem with Triller's argument is that Triller's allegation that Samsung "took no further action to rectify the underlying issue," is incorrect.  Rather, Samsung promptly replied by asking Triller to "share more details on this issue," ███████████████████ ███████████████████████████████ ██

107.   Samsung's request for "more details" put the ball back in Triller's court.  Triller's replies discussed other issues and ignored that request.[52]  As Mr. ███ notes, "Triller did not reply to Samsung Electronics' 9 July 2021 email, nor raise any objections about the above issue."[53]  Thus, it is Triller that ignored Samsung's request, and not the other way around.

#### c.   ███████████████████████████



108.   ███████████████████████████████████ ███████████████████████████████████ ██████████████████████████.

109.   ███████████████████████████████████ ██████████████████████████████████████ ███████████████████████ ███████████████████ █

110.   ███████████████████████████████████ ███████████████████████ █ ██████████████ ███████████████████████████████████ ███████████████████████████████████ ████████████████████ █

---

[51]  C-11 at 2, July 9, 2021 email from Syed Ahsan of Samsung to Ekank Goyal of Triller.

[52]  C-11 at 2, July 21, 2021 email from Ekank Goyal of Triller to Syed Ahsan of Samsung (noting that he won't be able to attend today's meeting due to a holiday); C-11 at 1, July 31, 2021 email from Paul Kahn of Triller to Syed Ahsan of Samsung (discussing unpaid invoices).

[53]  ███ Witness Statement, ¶ 26.

[54]  Triller Answer, ¶ 39.

[55]  Samsung Statement of Claim, ¶ 28.

[56]  ███ Witness Statement, ¶ 19.

111.  

112.  *Second*, Samsung's interpretation is supported by the witness statement of Mr. ▮▮ who had some contemporaneous involvement with the MACA.[57] Triller, in contrast, submitted no evidence to support the argument of its counsel.

113.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
       Triller never made this argument until this arbitration began.  Mr. ▮▮ states:[58]

       • ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
         ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

       • ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
         ▮▮▮▮▮▮▮▮▮▮▮▮

       • ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
         ▮▮▮▮▮▮▮▮▮▮▮

114.  Triller had cited no evidence that it asked Samsung to provide information about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

115.  Triller not only failed to object to Samsung's invoices, it acknowledged that payment was due.  On July 31, 2020, Triller CFO Paul Kahn replied to Samsung's request for payment of three pending invoices by stating: "I thought we had paid one recently bringing it down to 2 outstanding – perhaps the third is for July and therefore current.  I will be making a

---

[57] Mr. ▮▮ identifies Mr. Syed Ahsan as the Samsung Electronics North America employee who was in charge of the relationship with Triller, but notes that Mr. Ahsan has left Samsung.  (▮▮ Witness Statement, ¶ 9.)  Mr. ▮▮ further explains that Mr. Ahsan reported to Mr. ▮▮ about his contract negotiations with Triller and usually copied Mr. ▮▮ on related emails.  Thus, Mr. ▮▮ knowledge is less direct than that of Mr. Ahsan, but he had some contemporaneous involvement.  Triller, in contrast, submitted no witness statement at all.

[58] ▮▮ Witness Statement, ¶¶ 21, 25.

payment next week to move this forward." [59]  Mr. Kahn did *not* assert that Triller could not

██████████████████████████████████████████████████████████  Mr. Kahn's July 31 reply is especially significant because it is part of the same email chain as the July 8 Email that Triller now cites to argue that it asked about ████████████.  Had Triller really considered that information to be critical, Mr. Kahn should have asked for it on July 31.

116.  Similarly, on August 21, 2020, Mr. Kahn replied to Samsung's request for payment of its invoice for July by asking Samsung to copy invoices to "Accountpayable@triller.com." [60] Mr. Kahn did not dispute the invoice amount or ██████████████████████████.

117.  Finally, on January 8, 2022, Triller Controller Ross Horwitz belatedly replied to Samsung's September 21, 2021 request for payment of its August invoice by asserting that "[t]his invoice should have already been paid" and asking if there are "any outstanding invoices to be paid." [61]  Mr. Horwitz did not object to the invoice ██████████████████████, even though Samsung had provided formal notice of breach in August 2022, terminated the MACA in September 2022, and formally demanded payment in October 2022. [62]

118.  The MACA required Triller to pay Samsung's monthly invoices within "30 days of receipt of such invoice." [63] ████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████

119.  The record contains no evidence that Triller's report ████████████ or that Triller sought to meet with Samsung to resolve any discrepancies.  Given that payment was due in 30 days, Triller should have made any objections within that period.  Instead, Samsung did not make its " ████████████ until it filed its Answer in September 2022, or

---

[59]  C-11 at 1, July 31, 2021 email from Paul Kahn of Triller to Syed Ahsan of Samsung.

[60]  C-29, August 21, 2021 email from Paul Kahn of Triller to Henry Komsky of Samsung.

[61]  January 8, 2022, email from Ross Horwitz of Triller to Henry Komsky of Samsung.

[62]  *See* C-12, August 20, 2021 Letter from Samsung to Triller; C-13, September 20, 2021 Letter from Samsung to Triller; and C-14, October 28, 2021 Letter from Samsung to Triller.

[63]  C-1, MACA § 4.3.

[64]  C-1, MACA § 4.2.

*over 10 to 14 months* after it received the Samsung invoices.  Further, Triller paid the Samsung invoices for February and March 2021, without any objection. [65]

120.   Triller's payment of two invoices and long delay in making its ████████████ to the other invoices indicate that Triller did not interpret "█████████████████████████ ████████████████████████████  That interpretation appears to be an after-the-fact argument that Triller created for this arbitration.

       **d.   The definition of "**████████████████████████ ████████████████

121.   Finally, for completeness, I note that an argument could be made that ███████████ █████████████████████████████████████████  Triller has not made this argument, however, and I find Samsung's interpretation to be persuasive.

122.   ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

123.   ████████████████████████████████████████████ ███████████████████████████████████████  ██ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ███████████████████████████

124.   ███████████████████████████████████████  ██

████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

---

[65] ████████████████████████  ██ ████████████████████████  (Samsung Statement of Claim, ¶ 63.)  That argument may be correct, but I do not rely on it because Samsung did not submit supporting evidence, such as a statement from Mr. ████

[66] ████ Witness Statement, ¶ 17.



125. ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████

126. I reject this interpretation for several reasons.  *First*, Triller made no argument about
████████████████████████████   ████████████████████████
███████████████████

127. *Second*, Samsung provided the following unrebutted explanation of the meaning of
████████████████████████ █

128. ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████

129. ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

---

[67] Samsung Statement of Claim, ¶ 27.

130. ███████████████████████████████████████

131. ███████████████████████████████████████

**Table B: Excerpt from Samsung's February 2020 Monthly Report**





132. ███████████████████████████████████████

133. ███████████████████████████████████████

---

68 ███ Witness Statement, ¶ 17.

69 ███ Witness Statement, ¶ 21.

70 Samsung Statement of Claim, ¶ 27.

71 ███ Witness Statement, ¶ 22; C-27 (receipt for Triller's payment of the February 2021 fee).

134. ███████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████. That interpretation is supported by
Mr. ██████ testimony, Samsung's monthly reports and invoices, and Triller's failure to
object to those reports and its payment of the first two invoices.

    **4.**    **Triller's ████████ Argument**

135. ███████████████████████████████████████
█████████████████████████████████████████████
██████████████████████████████████████████■

    Claimant contends that it performed under the contract and is therefore owed
an outstanding amount of US\$ 1,811,383.21, without ever specifying ████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████. This can be seen through
the example of Elon Musk's acquisition of Twitter: "Musk and Twitter have
been embroiled in legal battles, with the Tesla CEO claiming that Twitter lied
about the number of spam accounts on the platform […] Musk went as far as
stating that the deal "cannot move forward" until Twitter reveals this
information."

136. ███████████████████████████████████████
█████████████████████████████████████████████
████████████████████████████████████

137. ███████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
█████████████████████████████████████████████
████████████■

---

[72]  Triller Answer, ¶ 39 (footnote omitted).

[73]  Samsung Statement of Claim, ¶¶ 52-57.

138.   Mr. ███ responds to Triller's ███ argument as follows: [74]



139.   ████████

140.   As Triller notes, Article 2 of the Korean Civil Code requires parties to perform a contract in good faith. ████████

### 5.   The "Friendly Negotiation" Clause of the MACA

141.   Triller suggests in its Answer that Samsung breached the MACA by not conferring with Triller about arbitrator selection. Triller notes that Article 12.1 of the MACA states: "All disputes, controversies or differences which may arise between the parties in relation to this agreement shall be settled amicably through friendly negotiation."[76] Triller then states:

---

[74] ███ Witness Statement, ¶ 27 (footnote omitted).

[75] *See* CL-2, Kim Yong Duk et al, Commentaries on the Civil Code at 8 (general provisions such as good faith should be used "to promote justice when necessary," but must be "wary of the abuse of general provisions or taking refuge in general provisions that can be easily relied upon to justify conclusions"). To the extent Triller's "human download" argument is based on Article 2, it fails for a similar reason: that provision cannot be used to imply an obligation that is contrary to the express terms of the MACA.

[76] Triller Answer, ¶ 18.

> The arbitration agreement provides for the Parties to jointly nominate a sole arbitrator. Claimant has not complied with either of these requirements. To date, Claimant has made no attempt to confer with Respondent regarding any process or procedure to jointly nominate the sole arbitrator or to exchange the names of potential sole arbitrators. Claimant failed to even inform Respondent prior to the submission of the Request for Arbitration of its decision to request a three-member tribunal and proceed with the nomination of a co-arbitrator.

142.   Triller also asserts that Samsung "failed to negotiate its purported claims with Respondent in good faith prior to commencing this arbitration." [77]

143.   Triller's Answer is not clear as to whether Triller contends that Samsung's alleged failure "to negotiate its purported claims with Respondent in good faith prior to commencing this arbitration" provides a defense to Samsung's claim for the unpaid invoices. I find, however, that any such contention lacks merit for several reasons.

144.   *First*, an alleged failure to negotiate before filing an arbitration is a matter of procedure, not substance. Even if Samsung did not negotiate, that would not excuse Triller's failure to pay the amounts due under the MACA. At most, it might support an argument that the arbitration should be dismissed for lack of jurisdiction or stayed until the Parties negotiate. Triller, however, did not seek to dismiss or stay the arbitration based on the negotiation clause. On the contrary, Triller confirmed that it had "no objections to arbitral jurisdiction" and "agreed to the schedule in the Timetable" attached to Procedural Order No. 1, which does not include a stay of proceedings. [78]

145.   *Second*, Triller's argument about Samsung not conferring with Triller about arbitrator selection is a procedural issue that has been mooted by the ICC Court's decision to submit the dispute to a sole arbitrator, and the Parties' joint nomination of a sole arbitrator.

146.   *Third*, Samsung submitted undisputed evidence that it sought to resolve this dispute before filing the arbitration. For example, on August 20, 2021, Samsung sent a letter that noted that Triller had not paid multiple invoices, and invited Triller to contact Samsung if Triller "would like to discuss this matter or require additional information on the above claim." [79]

---

[77]   Triller Answer, ¶ 44.

[78]   Procedural Order No. 1, ¶¶ 2, 24.

[79]   C-12, August 20, 2021, Letter from Samsung to Triller.

147. On October 28, 2022, Samsung demanded payment of its unpaid invoices and stated: "We sincerely hope to resolve this matter as soon as and as amicably as possible."[80] Thus, Samsung did attempt to resolve this dispute before filing the arbitration. Further, any alleged failure to do so would not excuse Triller's failure to make the required payments.

148. In sum, I reject Triller's defenses to its failure to pay USD 1,811,383.21 to Samsung for installations of the Triller App from April to September 2021. Thus, Samsung is entitled to an award requiring Triller to pay that principal amount to Samsung.

### B.   Samsung's Claim for Interest

149. Samsung claimed in its Request for Arbitration that Triller should pay interest at the rate of 1% per month on the unpaid principal that it owes to Samsung.[81] Samsung relied on Article 4.3 of the MACA, which states that payment is due within 30 days of Triller's receipt of Samsung's invoice, and that any late payments "shall be subject to the interest of one percent (1.0%) per month." Samsung's Statement of Claim includes the following chart, which calculates the interest as of July 1, 2022 at USD 190,588.99:[82]

**Table C: Samsung's Interest Calculation (as of July 1, 2022)**

| Month | Due Date | Principal Amount | Days Delayed | Interest Accrued |
|---|---|---|---|---|
| Apr 2021 | 19 Jun 2021 | USD 368,604.48 | 377 | 3686.0448 / 30 x 377 = 46,321.30 |
| May 2021 | 19 Jul 2021 | USD 405,389.31 | 347 | 4053.8931 / 30 x 347 = 46,890.03 |
| Jun 2021 | 19 Aug 2021 | USD 348,045.12 | 316 | 3480.4512 / 30 x 316 = 36,660.75 |
| Jul 2021 | 19 Sep 2021 | USD 348,290.09 | 285 | 3482.9009 / 30 x 285 = 33,087.56 |
| Aug 2021 | 19 Oct 2021 | USD 209,415.72 | 255 | 2094.1572 / 30 x 255 = 17,800.34 |
| Sep 2021 | 19 Nov 2021 | USD 131,638.49 | 224 | 1316.3849 / 30 x 224 = 9,829.01 |
| Total | USD 1,811,383.21 | | (as of 1 July 2022): USD 190,588.99 | |

---

[80] C-14, October 28, 2021 Letter from Tim Cho of Samsung to Triller.

[81] Samsung RFA, ¶¶ 33-35.

[82] Samsung Statement of Claim, ¶¶ 52-57.

150.  From July 2, 2022, Samsung calculates the *per diem* interest on the principal amount of USD 1,811,383.21 as USD 603.79 per day, based on the following formula:

USD 1,811,383.21 x 0.01 = USD 18,113.83 per month, or USD 603.79 per day based on a 360 day year.

151.  Triller has not disputed Samsung's interest claim.  Having conducted an independent review.  I find that MACA Article 4.3 entitles Samsung to simple interest at the rate of 1% per month, which accrues on the unpaid principal from 30 days of Triller's receipt of Samsung's invoice until payment is made.

152.  I also find, however, that Samsung's formula slightly overstates the interest by assuming 360 days in a year, when there are 365 days in most years and 366 days in leap years. Samsung also assumes there are 30 days in each month, when the average month is slightly longer (7 months with 31 days, 4 months with 30 days, and 1 month with 28 or 29 days).

153.  The contract rate of 1% per month means that the monthly rate is the same, regardless of the number of days.  Thus, the most precise way to calculate interest is as follows:

Interest = [1% interest per month] x [number of months] x [unpaid principal]

154.  Partial final months should be converted into a fraction based on the number of days in that month.  For example, Samsung's April 2021 invoice was due on June 19, 2021, or 30 days after it was sent on May 20, 2021.  When this arbitration was filed on July 1, 2022, the delay in payment was 12 months and 12 days.  June has 30 days, so the final partial month is 0.4 months (12 divided by 30), so the total delay as of July 1, 2022 is 12.4 months.

155.  Samsung's invoice for April 2021 was for the principal amount of USD 368,604.48. Multiplying that amount by 12.4 months and the interest rate of 1% per month results in total interest as of July 1, 2022 of USD 45,706.96, [83] which is slightly less than the USD 46,321.30 calculated by Samsung.  Samsung's per diem rate is slightly too high for similar reasons.  Further, because the monthly rate is fixed, using a monthly interest rate is more precise, as the per diem rate varies by month (it is slightly higher in months with fewer days).

156.  Table D sets forth corrected and updated calculations of the interest due.  As indicated, the total accrued interest on the unpaid principal as of July 1, 2023 is USD 405,555.46.

---

[83]  All interest amounts are rounded to the last significant digit, which is a penny here.

**Table D: Corrected and Updated Interest Calculation (USD, as of July 1, 2023)**

| Month | Due Date | Principal | Delay (Months) | Monthly Interest Rate | Interest Accrued (July 1, 2023) |
|-------|----------|-----------|----------------|-----------------------|----------------------------------|
| Apr 2021 | 19 Jun 2021 | 368,604.48 | 24.4 | .01 | 89,939.49 |
| May 2021 | 19 Jul 2021 | 405,389.31 | 23.4 | .01 | 94,861.10 |
| Jun 2021 | 19 Aug 2021 | 348,045.12 | 22.4 | .01 | 77,962.11 |
| Jul 2021 | 19 Sep 2021 | 348,290.09 | 21.4 | .01 | 74,534.08 |
| Aug 2021 | 19 Oct 2021 | 209,415.72 | 20.4 | .01 | 42,720.81 |
| Sep 2021 | 19 Nov 2021 | 131,638.49 | 19.4 | .01 | 25,537.87 |
| Total | | **1,811,383.21** | | | **405,555.46** |

157.  Thus, I conclude that Samsung is entitled to an award that requires Triller to pay the principal amount of USD 1,811,383.21, plus interest at the rate of 1% per month on the remaining unpaid principal until full payment is made. As of July 1, 2023, the accrued interest is USD 405,555.46, so the total principal and interest due as of that date is USD 2,216,938.67 (USD 1,811,383.21 + USD 405,555.46).

### C.  Samsung's Claim for Fees and Costs

158.  Samsung seeks an award of the fees and costs it has incurred in this arbitration. Samsung asserts that this tribunal has broad authority to award costs under Article 38 of the ICC Rules, which states, in relevant part: [84]

> 1  The costs of the arbitration shall include the fees and expenses of the arbitrators and the ICC administrative expenses fixed by the Court, in accordance with the scales in force at the time of the commencement of the arbitration, as well as the fees and expenses of any experts appointed by the arbitral tribunal and the reasonable legal and other costs incurred by the parties for the arbitration.

> * * *

---

[84]  Samsung Costs Submission of May 25, 2023, ¶ 2.

4   The final award shall fix the costs of the arbitration and decide which of the
    parties shall bear them or in what proportion they shall be borne by the
    parties.

5   In making decisions as to costs, the arbitral tribunal may take into account
    such circumstances as it considers relevant, including the extent to which each
    party has conducted the arbitration in an expeditious and cost-effective
    manner.

159.  Samsung asserts that the discretion to allocate costs under the ICC Rules is consistent with
      Article 34-2 of the Korean Arbitration Act, which states: [85]

      Unless otherwise agreed by the parties, the arbitral tribunal may determine the
      allocation of costs of arbitration incurred in the arbitral proceeding, considering
      all circumstances of the relevant arbitration case.

160.  Samsung has quantified its costs as set forth in Table E below:

**Table E: Summary of Samsung's Claimed Fees and Costs (Korean Won or KRW)**

| Description | Amount |
|---|---|
| **Legal Fees of Lee & Ko** (including 10% VAT) | KRW 151,665,800 |
| • Ms. Sunyoung Kim: 100.1 hours, KRW 620,000/680,000 per hour [86] | |
| • Ms. Suejin Ahn: 106 hours, KRW 300,000/370,000 per hour | |
| • Ms. Yebin Jeong: 32.9 hours, KRW 390,000 per hour | |
| • Mr. Robert Wachter: 21.5 hours, KRW 900,000/920,000 per hour | |
| • Mr. Kyunghoon Lee: 1.7 hours, KRW 960,000 per hour | |
| • Paralegal: 1.4 hours, KRW 190,000 per hour | |
| **Lee & Ko Disbursements** | KRW 245,135 |
| • Binding Fees: KRW 45,419 | |
| • Courier Fees: KRW 39,411 | |
| • Remittance Charges: KRW 160,305 | |

---

[85]  Samsung Costs Submission of May 25, 2023, ¶ 3.

[86]  Most of the Lee & Ko timekeepers have two different rates, one for 2022 and one for 2023.
Samsung's Costs Submission includes the specific hours worked in each year, which is necessary
to calculate the precise legal fees.

41

| Description | Amount |
|---|---|
| **Sub-Total of Korean Won Legal Fees and Disbursements** | **KRW 151,910,935** |
| **Arbitration Costs Paid to the ICC**<br><br>• Filing Fee: USD 5,000<br><br>• Claimant's Advance on Costs: USD 45,000<br><br>• Respondent's Advance on Costs: USD 35,000 (paid by Samsung on behalf of Triller, which failed to pay) | **USD 85,000** |
| **Total of Lee & Ko Fees and Disbursements and ICC Arbitration Costs** | **KRW 151,910,935 + USD 85,000** |

161.    Triller disputed liability in its Answer, but did not dispute that it is appropriate to award fees and costs to the prevailing party.  Indeed, Triller requested "an award for attorneys' fees and costs, as well as the administrative expenses relating to this arbitration," on the assumption that this tribunal decides to "[d]eny Claimant's claims in their entirety." [87]

162.    Having conducted an independent review of the record, I conclude that Samsung should be awarded the full amount of costs it has claimed for the following reasons.

163.    *First*, as Samsung has noted, Article 38 of the ICC Rules requires the final award to "fix the costs of the arbitration," which are defined to include "the fees and expenses of the arbitrators and the ICC administrative expenses fixed by the Court," as well as "the reasonable legal and other costs incurred by the parties for the arbitration."  Article 38 confers broad discretion on the tribunal to "decide which of the parties shall bear [the costs] or in what proportion they shall be borne by the parties."  That discretion is consistent with Article 34-2 of the Korean Arbitration Act, which is the law of the place of arbitration.

164.    *Second*, I have awarded Samsung the full unpaid principal it sought and almost all of the interest it claimed, with a minor correction to the precise method of calculating interest. Thus, Samsung is the prevailing party in this arbitration.

165.    *Third*, I have concluded that Triller has no valid defense for failing to pay Samsung's invoices within 30 days of receipt.  Triller's unjustified refusal to pay forced Samsung to incur substantial fees and costs in this arbitration to obtain an arbitral award confirming

---

[87]  Triller Answer, ¶ 45.

Triller's obligation to pay.  Requiring Triller to compensate Samsung for those fees and costs is necessary to make Samsung whole for the harm caused by Triller's refusal to pay.

166.   *Fourth,* the sealed offer that Samsung submitted to the ICC on June 1, 2023, shows that on November 1, 2022, Samsung offered to settle if Triller paid the principal amount of Samsung's claim, plus 50% of the accrued interest and Samsung's fees and costs incurred as of that date.  That settlement offer was substantially lower than the amount of this award, because it reduced interest by 50%, and also because additional interest has accrued and additional fees and costs have been incurred after November 1, 2022.  Triller, however, did not accept the offer, which forced Samsung to pursue this arbitration to its conclusion.

167.   *Fifth*, the prevailing international arbitration practice is to award costs to the prevailing party.   For example, an ICC survey concludes: "Despite the fact that the ICC and at least half of the other major institutional rules contain no presumption in favour of the recovery of costs by the successful party, it appears that the majority of arbitral tribunals broadly adopt that approach as a starting point, thereafter adjusting the allocation of costs as considered appropriate."[88]   Consistent with this practice, Triller requested an award of fees and costs in its Answer on the assumption that Triller would prevail.

168.   *Sixth*, I have reviewed the fees and costs claimed by Samsung and conclude that they are reasonable.   I consider Lee & Ko's total legal fees of KRW 151,665,800 (currently about USD 115,000) to be reasonable, considering that Samsung claimed a total principal amount of over USD 1.8 million, and counsel did substantial work preparing Samsung's Request for Arbitration, Statement of Claim, and Costs Submission, as well as dealing with procedural issues such as the Case Management Conference, the dispute about Triller's document requests, and the consequences of the withdrawal of Triller's counsel and Triller's failure to file a Statement of Defense despite obtaining an extension.

169.   I also consider Lee & Ko's hourly rates and hours worked to be reasonable, based on my experience with similar commercial disputes, including cases involving Korean law firms.  I note in this regard that most work was done by Ms. Sunyoung Kim, a Lee & Ko partner who has extensive international arbitration experience; and Ms. Suejin Ahn, a junior associate.   The average billing rates of Ms. Kim and Ms. Ahn are KRW 650,000 and 335,000 per hour (currently about USD 490 and 253), which are reasonable and likely lower than those of Triller's former US counsel.  Those rates are also substantially lower

---

[88]   ICC Commission Report, "Decision on Costs in International Arbitration," *ICC Dispute Resolution Bulletin 2015*, Issue 2, para. 13, pages 4-5 (footnote omitted).

than the two senior partners, Robert Wachter and Kyunghoon Lee, both of whom worked far fewer hours, which suggests that their role was limited to high-level supervision. I consider that staffing and distribution of work to be reasonable and appropriate.

170.  Lee & Ko also made total disbursements of KRW 245,135 (currently about USD 186) for binding and courier fees and remittance charges. I find those expenses to be reasonable and appropriate.

171.  Finally, the ICC Court fixed the ICC costs of arbitration at USD 75,500 on June 27, 2023. Samsung paid that full amount, including Triller's share of the Advance on Costs, which Samsung paid after Triller failed to pay this advance.

172.  In view of the above points, I order Triller to pay KRW 151,910,935 to Samsung to cover its reasonable legal fees and costs, plus USD 75,500 to cover the arbitration costs that Samsung paid to the ICC. Samsung has not requested post-award interest on that amount, and no such interest shall accrue.

## VI.  CONCLUSION AND RELIEF GRANTED

173.  For the reasons set forth above, I make the following award:

a.  Respondent Triller, Inc. breached the Mobile Application Collaboration Agreement it entered into with Claimant Samsung Electronics Co., Ltd., by failing to pay the total principal amount of USD 1,811,383.21 that was due for installations of the Triller App on Samsung devices for the period of April to September 2021;

b.  Respondent Triller, Inc. is ordered to pay the principal amount of USD 1,811,383.21 to Claimant Samsung Electronics Co., Ltd.;

c.  Respondent Triller, Inc. is also ordered to pay simple interest on the unpaid principal, accruing at the rate of 1% per month from 30 days of Respondent's receipt of the applicable invoice until payment is made. As of July 1, 2023, the accrued interest is USD 405,555.46, so the total principal and interest due as of that date is USD 2,216,938.67 (USD 1,811,383.21 + USD 405,555.46).

d.  Post-award interest will continue to accrue on the remaining unpaid principal at 1% per month from July 2, 2023, until payment is made.

e.  Respondent Triller, Inc. is also ordered to pay Claimant Samsung Electronics Co., Ltd. the fees and costs that Claimant has incurred in connection with this arbitration in the amount of KRW 151,910,935 in legal fees and expenses, plus USD 75,500 in arbitration costs paid to the ICC.

44

174.   Except as stated above, all other claims and requests for relief are denied.

Place of Arbitration:  Seoul, Republic of Korea


Date: July 1, 2023

Signature: _____

Grant L. Kim, Sole Arbitrator